## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

ROGER SINGLETARY, and
TONYA SINGLETARY,

     Plaintiffs,

     v.

NATIONSTAR MORTGAGE, LLC,

     Defendant.

Civil Action No. TDC-14-3204

## MEMORANDUM OPINION

Plaintiffs Roger and Tonya Singletary (the "Singletarys") filed suit against their mortgage servicer, Defendant Nationstar Mortgage, LLC ("Nationstar").   Pending before the Court is Nationstar's Motion to Dismiss.  The Motion is fully briefed and ripe for disposition.  No hearing is necessary to resolve the issues.  *See* D. Md. Local R. 105.6.  For the reasons set forth below, the Motion is GRANTED.

## BACKGROUND

The following facts are presented in the light most favorable to the Singletarys, the nonmoving parties:

## I.      The Mortgage Loan

On October 26, 2006, the Singletarys received a $503,200 mortgage loan from First Magnus Financial Corporation.  The Singletarys' promissory note was secured by a deed of trust on real property owned by the Singletarys at 12512 Gladys Retreat Circle, Unit 154, in Bowie,

Maryland (the "Property").[1]   At some point, the Singletarys could no longer afford their mortgage payments.  The Singletarys "were working out a payment plan" with their servicer, Aurora Bank, sometime before April 2013, and they made two "pre-trial payments."  Compl. ¶¶ 1, 11.  On July 1, 2012, Nationstar took over servicing of the Singletarys' loan.  The Singletarys did not receive a loan modification from Nationstar.  According to the Singletarys, once they fell behind on their loan payments, Nationstar and its agents "did stalk, harass, and rob[]" them of job time by "consistently" calling their place of employment, instead of their home.  Compl. ¶ 22.  The Singletarys allege that these calls resulted in lost income, adverse health effects, and emotional stress.

On June 10, 2011, a foreclosure action was initiated against Roger Singletary in the Circuit Court for Prince George's County, Maryland.[2]   On June 21, 2013, Nationstar purchased the Property at a foreclosure sale.  The Singletarys claim that they did not receive notice of the sale until August 1, 2013.  On August 15, 2013, the circuit court issued an order ratifying the sale.  On December 12, 2014, the circuit court stayed the case because Roger Singletary had filed for bankruptcy.  Although the bankruptcy proceeding closed on December 3, 2015, the foreclosure proceeding remains stayed at present.

---

[1]   For purposes of the Motion to Dismiss, the Court considers the records attached to Nationstar's Motion to Dismiss, specifically, the promissory note, the deed of trust, a letter dated June 15, 2012 from Nationstar to Tonya Singletary, and the circuit court order ratifying the foreclosure sale of the Property.  These records are integral to the Complaint and are of undisputed authenticity.  *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  In addition, on April 20, 2015, the Singletarys submitted a Motion to File Additional Documents.  The Motion attached the deed of trust and a letter dated July 15, 2012 from Nationstar to Tonya Singletary, which the Court considers.  The other documents attached to the Motion are not integral to the Complaint and are not considered.

[2]   Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the docket in Singletary's foreclosure case, *Dore v. Singletary*, Case No. CAE11-13934, available through the Maryland Judiciary's website at http://casesearch.courts.state.md.us.

## II.      Procedural History

On October 14, 2014, the Singletarys filed a Complaint in this Court.   Although the Complaint does not set out specific causes of action, it identifies three main issues.   First, it claims that Nationstar did not provide the Singletarys with proper notice before the foreclosure sale and that Nationstar perpetrated a "fraud upon the court" by filing false documents in the foreclosure proceeding.   Compl. ¶ 19.   Second, the Complaint alleges that Nationstar engaged in "pred[a]tory lending" by refusing to modify the Singletarys' mortgage loan, even though they "proved hardship through 'Making Homes Affordable.'"   *Id.* ¶¶ 11, 14.   Finally, it alleges that Nationstar made harassing phone calls to the Singletarys at their workplace.   The Complaint seeks compensatory and punitive damages, an injunction to stop and remove eviction notices issued by Nationstar, a permanent loan modification, prosecution of Nationstar for failing to serve the Singletarys before the foreclosure sale and for submitting false documents to the circuit court, and $80,000 in lost revenue from a 2008 short sale of a property owned by the Singletarys.[3]

On July 9, 2015, Nationstar filed a Motion to Dismiss.   On August 20, 2015, the Singletarys filed an Opposition to the Motion.   On August 24, 2015, the Singletarys filed a Supplemental Opposition.   On September 10, 2015, Nationstar filed a Reply to the Singletarys' Opposition.

---

[3]   The Singletarys also request that the Court "join" this case with a separate action filed by the Singletarys in the United States District Court for the District of Maryland.   That case was dismissed without prejudice on January 6, 2014.   *See Singletary v. Nationwide Mort., LLC*, No. DKC-13-3466 (D. Md. 2014).   The Court cannot consolidate this case with one that has been closed.

**DISCUSSION**

Nationstar argues that the Singletarys' Complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Nationstar asserts that the Complaint fails to allege any cause of action with sufficient specificity and that the Singletarys have failed to plead a plausible claim for wrongful foreclosure, predatory lending, fraud, or violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* (2012).

I.      **Legal Standard**

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678.  The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff.  *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

II.     **Notice of the Foreclosure Sale**

The Singletarys claim that Nationstar did not serve them with timely notice that the Property would be sold at a foreclosure sale.  They also allege that Nationstar filed documents

with the circuit court falsely professing to have effected proper service of the notice. They do not link these allegations to any specific cause of action.[4]

The Singletarys seem to claim that Nationstar's failure to provide legally adequate notice entitles the Singletarys to remain in possession of the Property. They request an injunction cancelling eviction notices issued by Nationstar. This relief would effectively put a stop to the foreclosure proceeding. However, the Anti-Injunction Act, 28 U.S.C. § 2283 (2012), bars the Court from granting "an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Id.* Because none of these "three specifically defined exceptions" applies to this case, *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970), the Court cannot enjoin the pending state foreclosure proceeding. *See Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 641 (D. Md. 2015) (finding that the Anti-Injunction Act barred the court from issuing a declaratory judgment that the property is not subject to foreclosure sale because it would have had the effect of staying a foreclosure proceeding); *Williams v. JP Morgan Chase Bank*, *N.A.*, No. RDB-16-0312, 2016 WL 509426, at *2 (D. Md. Feb. 4, 2016) (stating that the Anti-Injunction Act bars declaratory or injunctive relief relating to a pending foreclosure action). In addition, while the foreclosure proceeding is ongoing, the state court maintains exclusive jurisdiction over the Property. *Tucker*, 83 F. Supp. 3d at 641-42; *Williams*, 2016 WL 509426, at *2. Consequently, the Singletarys' request for equitable relief must be denied.

---

[4]    Nationstar asserts that any claims related to the foreclosure are barred by *res judicata*. However, since the foreclosure proceeding has yet to conclude, foreclosure-related claims will not be dismissed on that basis at this time.

The Singletarys appear also to seek damages for Nationstar's "fraud upon the court." Compl. ¶ 19. To the extent that the Singletarys are alleging either common law fraud or mortgage fraud under the Maryland Mortgage Fraud Protection Act ("MMFPA"), Md. Code Ann., Real Prop. §§ 7-401, *et seq.* (2015), their claim fails. As Nationstar notes, the Singletarys assert only that the circuit court was misled by Nationstar's false affidavits. But a necessary element of both common law fraud and mortgage fraud is that the *plaintiffs*, not a third party, relied upon the false statements of the defendant. *Exxon Mobil Corp. v. Albright*, 71 A.3d 30, 49-51 (Md. 2013) ("Maryland law does not permit a third party to recover damages for fraud purely on the basis of a false statement made to a governmental entity."); *Ademiluyi v. PennyMac Mort. Inv. Tr. Holdings I, LLC*, 929 F. Supp. 2d 502, 530 (D. Md. 2013) (stating that the MMFPA requires a showing that "the defendant made a false representation to the plaintiff," who detrimentally relied upon it). The Singletarys do not claim to have relied upon any false statements made by Nationstar, so they have failed to state a claim for common law fraud or a violation of the MMFPA. *See Ayres v. Ocwen Loan Servicing, LLC*, No. WDQ-13-1597, 2015 WL 5286677, at *16 (D. Md. Sept. 8, 2015) (dismissing an MMFPA claim where the plaintiffs failed to allege that they relied on the defendants' misrepresentations).

Amending the Complaint will not rectify this defect. The Singletarys knew whether or not they received timely notice of the foreclosure sale, so they could not have reasonably relied upon any false statements by Nationstar on that matter. Accordingly, the Singletarys' claim is dismissed with prejudice. *See U.S. Airline Pilots Ass'n v. AWAPPA, LLC*, 615 F.3d 312, 320 (4th Cir. 2010) (stating that when "amendment would be futile," the district court need not grant leave to amend).

### III.     Loan Modification

The Singletarys claim that Nationstar should have provided them with a loan modification because the Singletarys "proved hardship through 'Making Homes Affordable.'" Compl. ¶ 14.   The Singletarys appear to be referring to the Home Affordable Modification Program ("HAMP").   HAMP is a program of the United States Departments of Treasury and Housing and Urban Development designed to reduce foreclosures by encouraging lenders to refinance or otherwise modify mortgages.   *See Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 772-73 (4th Cir. 2013).   HAMP does not vest borrowers with a legal right to a loan modification that can be enforced through a lawsuit.   *Id.* at 776-77 n.4.   In theory, a borrower could gain a legal right to a loan modification if her lender promised to provide one.   *See, e.g., Allen v. CitiMortgage, Inc.*, No. CCB-10-2740, 2011 WL 3425665, at *6, 8 (D. Md. Aug. 4, 2011) (holding that the plaintiffs stated claims for breach of contract and promissory estoppel where they alleged that the defendant lender promised to process their loan modification application in accordance with HAMP guidelines and to modify their loan if the plaintiffs satisfied certain eligibility and payment requirements).   The Singletarys, however, do not claim to have requested a loan modification from Nationstar, nor do they allege that Nationstar promised to provide a loan modification.   The Singletarys characterize Nationstar's refusal to grant them a loan modification as "pred[a]tory lending." Compl. ¶ 11.   However, the Singletarys do not identify any law violated by Nationstar's allegedly predatory behavior.   *See Sucklal v. MTGLQ Inv'rs LP*, No. WDQ-10-1536, 2011 WL 663754, at *4 (D. Md. Feb. 14, 2011).   Thus, they have failed to state a claim on this issue.

**IV.    Fair Debt Collection Practices Act**

The Singletarys allege that Nationstar and its agents harassed them at their workplace by "consistently call[ing]" them during business hours.  Compl. ¶ 22.  Elsewhere in the Complaint, the Singletarys accuse Nationstar of violating the "Fair Hous[]ing fair debt collection act."  *Id.* ¶ 2.  As discussed below, a debt collector's harassing conduct can violate the FDCPA.  The Defendants argue, however, that any FDCPA claim should be dismissed because the Singletarys have not shown that Nationstar is a "debt collector" as defined by the FDCPA.

The FDCPA is violated when (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector under the FDCPA, and (3) the defendant has engaged in an act or omission in violation of the FDCPA.  *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012).  A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."   15 U.S.C. § 1692a(6). Although a mortgage servicer is not generally considered a "debt collector," a mortgage servicer does qualify as a debt collector when it attempts to collect a debt that was in default at the time the servicer acquired it.  *Id.* § 1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536-39 (7th Cir. 2003); *Ayres*, 2015 WL 5286677, at \*19; *Allen v. Bank of America Corp.*, No. CCB-11-33, 2011 WL 3654451, at \*7 n.9 (D. Md. Aug. 18, 2011).  Nationstar took over servicing the Singletarys' loan on July 1, 2012.  The foreclosure action against the Property was initiated on June 10, 2011.  Since default is a precondition for foreclosure, the record suggests that Nationstar began servicing the Singletarys' loan after it had fallen into default.

Consequently, the Court will consider whether the Singletarys have alleged that Nationstar engaged in activities prohibited by the FDCPA.

It is a violation of the FDCPA for a debt collector to "communicate with a consumer in connection with the collection of any debt . . . at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."  15 U.S.C. § 1692c(a)(3).  In addition, "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  *Id.* § 1692d.  Such prohibited conduct includes "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."  *Id.* § 1692d(5).  In determining whether a debt collector's phone calls constitute actionable harassment, a court considers the volume and pattern of the calls and whether they continued after the plaintiff asked the debt collector to stop.  *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 505 (D. Md. 2004); *Lipscomb v. Aargon Agency, Inc.*, No. PWG-13-2751, 2014 WL 5782040, at *3 (D. Md. Nov. 5, 2014).

The Singletarys claim that Nationstar and its agents "harass[ed]" them by calling them "consistently" at work and that these calls caused them economic, physical, and emotional harm. Compl. ¶¶ 22.  The Complaint fails to allege the number and frequency of the calls, the content of the calls, whether the Singletarys asked them to stop calling them at work, and whether their employers permitted such communications.  Absent such facts to establish a plausible claim that the calls violated the FDCPA, the Singletarys have failed to state a claim.

**V.     Other Claims**

Finally, the Court briefly addresses three other allegations in the Singletarys' Complaint. First, the Singletarys claim that Nationstar is liable for the Singletarys' $80,000 loss on a short sale of their property at 7425 Drumlea Road in Capitol Heights, Maryland.  They do not provide any additional information about this transaction or identify a particular cause of action relating to it.   Second, the Singletarys allege, without elaboration, that Nationstar has imposed unwarranted interest and penalties on their loan.   Third, the Complaint accuses Nationstar of violating the "Federal Fair Housing Act."   Compl. ¶ 16.   The Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* (2012), prohibits housing discrimination, s*ee id.* § 3604, but the Singletarys have not alleged any discriminatory conduct by Nationstar.   Each of these allegations lacks sufficient detail to satisfy the requirement pursuant to Federal Rule of Civil Procedure 8 that the plaintiff provide "a short and plain statement of the claim," and allege sufficient facts to state a plausible claim for relief.   Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678.   Each of these claims—if they are in fact claims—is therefore dismissed.

**CONCLUSION**

For the foregoing reasons, the Motion to Dismiss is GRANTED.   The Singletarys' claims relating to the alleged lack of notice of the foreclosure sale, including their claim for fraud, are dismissed with prejudice.   The remaining claims are dismissed without prejudice.   A separate Order shall issue.


Date:  March 18, 2016                                          _____/s/_____

                                                         THEODORE D. CHUANG
                                                         United States District Judge